In re

    JOHN W. KARLSTROM and
    KIMBERLY M. KARLSTROM,                   09-12267 B

                    Debtors                      <u>DECISION & ORDER</u>
-------------------------------------------------------

            Tracy Hope Davis
            United States Trustee, Region 2
            (Jill M. Zubler, Esq., of counsel)
            Office of the United States Trustee
            Olympic Towers
            300 Pearl Street, Suite 401
            Buffalo, New York 14202

            Scott F. Humble, Esq.
            7 Jackson Avenue, W.E.
            Jamestown, New York 14701-2408
            Attorney for Debtors

Bucki, Chief U.S.B.J., W.D.N.Y.

      The United States Trustee has moved under 11 U.S.C. § 707(b) to dismiss this bankruptcy case. The central issue is whether a post-petition change of circumstances can allow the court to reverse its prior ruling that relief would constitute an abuse under Chapter 7 of the Bankruptcy Code.

      The present motion is the third time in which the United States Trustee has sought the dismissal of a bankruptcy case filed by the debtors. On June 23, 2008, John and Kimberly Karlstrom filed an initial petition for relief under Chapter 7 of the Bankruptcy Code. Based on its review of Form B22A (the Statement of Current Monthly Income and Means Test Calculation), the Trustee resolved that bankruptcy relief in Chapter 7 would constitute an abuse. Accordingly, the trustee presented a motion for dismissal, which this court granted by order dated April 24, 2009.

Less than one month later, Mr. and Mrs. Karlstrom filed a second petition for relief under Chapter 7.  And once again, the United States Trustee moved to dismiss the debtors' case.  After a hearing on that motion, the court found that the financial circumstances of the debtors had not changed in any material respect from the time of their first filing.  Consequently, the court indicated that it would again grant the trustee's motion.  Prior to entry of a dismissal order, however, the debtors voluntarily converted their case into a proceeding under Chapter 13.

On July 9, 2010, this court confirmed a plan that contemplated a 12 % distribution to unsecured creditors.  To fund this proposal, John and Kimberly Karlstrom agreed to pay to the Chapter 13 trustee the sum of $675 per month for approximately 54 months.  But in January 2011, before the trustee could effect any payments to unsecured creditors, the debtors reconverted their case to Chapter 7.  In response, the United States Trustee made the present motion for a dismissal of this case pursuant to 11 U.S.C. § 707(b).

The trustee contends that the case should be dismissed for all of the same reasons that had persuaded the court to rule previously that it would grant an order of dismissal.  In the trustee's view, the court must determine abusiveness as of the date of bankruptcy filing, without reference to any subsequent events.  Opposing the motion, John and Kimberly Karlstrom argue that to the extent that dismissal is based upon a totality of circumstances, those circumstances must include any post-petition changes.  At oral argument, debtors' counsel represented that Mr. Karlstrom had recently suffered a serious job-related injury, that he was no longer able to work, and that even though he was receiving compensation for the resulting disability, the family income had eroded.  Thus, the debtors requested an opportunity to present new financial data, for the purpose of demonstrating that a bankruptcy discharge would not now constitute an abuse.

Section 707(b)(1) of the Bankruptcy Code states in relevant part that the court "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter." No one questions that John and Kimberly Karlstrom are individuals with primarily consumer debts. For them, the determining issue is not whether an abuse arises from the granting of a discharge, but whether abuse accrues from the granting of relief. Consequently, we must consider the meaning of "relief" within the context of bankruptcy.

In the present instance, the debtors filed a voluntary bankruptcy petition. Pursuant to 11 U.S.C. § 301(b), "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." For purposes of the Bankruptcy Code, therefore, "relief" entails the inception of bankruptcy court jurisdiction. Consistent with this concept is 11 U.S.C. § 362, which imposes an automatic stay that precludes most other judicial activity with respect to the debtor's affairs. With the order for relief, a debtor enjoys the opportunity thereafter to obtain an order of discharge or to secure the other benefits of bankruptcy, such as the orderly disposition of non-exempt assets and the avoidance of liens upon exempt property. But as referenced in section 301(b), relief does not itself include the grant of a discharge or anything other than the imposition of the authority of the bankruptcy process.

With exceptions not here relevant, the meaning of relief remains the same in a converted case. In relevant part, section 348(a) of the Bankruptcy Code states that "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of . . . the order for relief." In the present instance, therefore, the granting

of relief happened on the day that Mr. and Mrs. Karlstrom filed their bankruptcy petition.

As provided by section 301(b) of the Bankruptcy Code, the order for relief occurred at the instant of the debtors' bankruptcy filing.  Pursuant of section 348, any subsequent conversion of a case would also constitute an order for relief, but as of the date of original filing.  Because the granting of relief will always relate back to the filing date, circumstances at that moment in time will determine the abusiveness of the granting of relief for purposes of 11 U.S.C. § 707(b).  Consequently, subsequent events have no bearing on the outcome of a Trustee's motion to dismiss.  Here, the court has already determined that the granting of "relief" was an abuse of Chapter 7.  In as much as we have not yet entered an order of dismissal, the debtors could still reargue the underlying dispute.  However, at the argument on the current motion, the debtors suggested no reason to find that the circumstances on the day of filing were other than as were previously presented.  Accordingly, the court's earlier ruling will stand, to the effect that the granting of relief would be an abuse under Chapter 7 of the Bankruptcy Code.

For the reasons stated herein, the motion of the United States Trustee to dismiss the present case is granted, but without prejudice to the filing of a new petition if proper as of the date of any refiling.

So ordered.

Dated:     Buffalo, New York      /s/      CARL L. BUCKI
           August 18, 2011     Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.